Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:21-CR-2006-SAB |
| Plaintiff, | |
| vs. | PLAINTIFF'S SENTENCING MEMORANDUM |
| JOSEPH LEONARD ROY, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

I.  Base Offense Level and Enhancements

On November 29, 2022, Defendant entered a guilty plea to two lesser-included counts of the charges in the Superseding Indictment (ECF 38), pleading guilty to two counts of Abusive Sexual Contact in violation of 18 U.S.C. §1153 and

18 U.S.C. §§ 2244(a)(5) and 2246(3), which are by law a lesser-included offenses of the charges of Aggravated Sexual Abuse committed in violation of 18 U.S.C. §1153 and 18 U.S.C. § 2241(c).

The PSIR provides for a total offense level of 40, criminal history category of II, with a guideline range of 324-405 months. ECF 96, ¶ 208. The United States agrees with the guideline calculations in the PSIR.  Further, the United States does not have any objections to the PSIR.

II.  Departures

The plea agreement in this matter is made pursuant to Fed.R.Crim.P. 11(c)(1)(C) to a range of 168 to 252 months. ECF 94, pp. 3-4. This range represents a downward variance from the guideline range calculated in the PSIR. ECF 96, ¶ 207.

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007).  The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

III.  Sentencing Factors Under 18 U.S.C. §3553(a)

1. The nature and circumstances of the offense and the history and characteristics of Defendant.

In the instant case, the Defendant, who is currently 58 years old, sexually abused and attempted to sexually abuse two girls who were under the age of twelve

years while they were staying in the same household where he lived. ECF 94, Plea Agreement, pp. 6-7. At the time, the girls were visiting their grandmother at the household. *Id.* Defendant was the grandmother's boyfriend. ECF 96, PSIR, ¶¶ 21, 32. He has subsequently married the girls' grandmother. *Id.* at ¶ 158. Defendant ultimately admitted to sexually touching the girls when they were approximately ten and eleven years old while they were at their grandmother's home and in his truck. *Id.* at ¶ 35. He admitted to sexually touching each girl multiple times. *Id.*

Defendant has a criminal history dating back to age twenty, including felony convictions, although his only conviction within the last ten years is for Fourth Degree Assault, Domestic Violence, in which his probation was revoked and terminated in 2015, and driving violations. ECF 96, ¶¶ 70-147, 206 ("Mr. Roy has a lengthy criminal history; however, due to the age of his convictions, he has only accumulated 2 criminal history points."). Defendant has not been available for an interview with the Probation Officer for the preparation of the PSIR. *Id.* at 156.

The nature and circumstances of the offense, particularly Defendant's repeated sexual abuse of two different girls entrusted to the care of his household, merits a significant sentence. The United States recommends that the Court impose a sentence of two hundred and fifty-two months incarceration followed by twenty years of supervised release.

    2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

Defendant's lifetime of criminal history indicates the need for a significant sentence to promote respect for the law.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of two hundred and fifty-two months incarceration should be adequate to deter further criminal conduct by the Defendant. Further, the United States recommends a period of twenty years of supervised release as part of his sentence. *See* ECF 94, p. 9, ¶ 14 (parties agree to recommend a period of supervised release of between five and twenty years). Although Defendant is, at age 58, older than many offenders, older offenders commit a greater proportion of sex offenses compared to offenders under the age of fifty. United States Sentencing Commission, "Older Offenders in the Federal Sentencing System" accessed 9/14/2023 at *http://www.ussc.gov/research/research-reports/older-offenders-federal-system*.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of two hundred and fifty-two months should serve to protect the public from further crimes by the Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Even though it is below the low end of the guideline range, a sentence of two hundred and fifty-two months incarceration, when accompanied by a period of supervised release of twenty years, would provide Defendant with the opportunity for

correctional treatment. Further, the United States does not recommend the imposition of a criminal fine.

## IV.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of two hundred and fifty-two months in prison followed by twenty years of supervised release, no criminal fine and the mandatory $100 special penalty assessment.

DATED this 18th day of September, 2023.

VANESSA R. WALDREF
United States Attorney

s/Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax: (509) 249-3297