Rick Hernandez
Hernandez Law Offices, LLC
440 S. 6th St. P.O. Box 1039
Sunnyside, WA 98944
(509) 837-3184

Attorney for Joseph Leonard Roy

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } No. 1:21-CR-2006-SAB |
| | } |
| vs. | } Defendant's Review of Presentence |
| | } |
| | } Investigation Report and Sentencing |
| JOSEPH LEONARD ROY, | } Memorandum |
| | } |
| Defendant. | } |
| | } |

Defendant, Joseph Leonard Roy, by and through his attorney Ricardo Hernandez, submits the following Review of Presentence Investigation Report.

I.      PRESENTENCE INVESTIGATION REPORT:

A. Offense Level and Adjustments:

Pursuant to the Presentence Investigation Report (PSIR), the Defendant's base offense level is a 40, criminal history category II, with a guideline range of 324-405 months.

ECF 96, ¶ 208. The defendant agrees with the guideline calculations in the PSIR. Further, the defendant does not have any objections to the PSIR.

SENTENCING MEMORANDUM
- 1 -

1

2

3

B. Departures:

The plea agreement is pursuant to Fed.R.Crim.P. 11 (c)(1)(C) to a range of 168 to 252 months. ECF 94, ¶ 6. This range represents a variance from the guideline range as

4

5

6

calculated in the PSIR, ECF 96 ¶ 207.

7

8

9

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553 (a)**

10

As this court knows, the Sentencing Guidelines are now advisory,

11

12

rather than mandatory. United States v. Booker, 125 S.Ct. 738, 756-

13

57 (2005). While the Court must consider guideline ranges, the Court

14

is permitted to tailor the sentence in light of other statutory concerns

15

as well. 18 U.S.C. § 3553 (a)(4).

16

17

The purpose of the Sentencing Reform Act is to…reflect the

18

seriousness of the offense, promote respect for the law, provide just

19

20

punishment, afford adequate deterrence, [and] protect the public.

21

Booker, at 765; 18 U.S.C. § 3553(a)(2). A district court must not

22

accord more weight to the Guidelines than to other factors under §

23

3553(a).

24

25

26

(1) The nature and circumstances of the offense and the history and

27

characteristics of the defendant

28

SENTENCING MEMORANDUM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The nature and circumstances of the offense are serious as Mr. Roy has pled guilty to two counts of Abusive Sexual Contact in violation of 18 U.S.C. §1153 and 18 U.S.C. §§ 2244(a)(5) and 2246(3), which are by law lesser-included offenses of Aggravated Sexual Abuse committed in violation of 18 U.S.C. §1153 and 18 U.S.C. §2241(c).

Mr. Roy is 59 years of age and was raised in Wapato, WA., and lived in Wapato until approximately the year 2000.  He then moved to Tacoma, WA., where he lived for two years.  Mr. Roy then moved to the Yakima Valley where he continue to resides.

Mr. Roy has had a very troublesome life since he was a child.  He endured severe abuse as a child.  Both of his parents were alcoholics. He experienced cruel physical punishment from his father that included whipping him with a belt, forcing him to stand in a corner for hours and he fell asleep his Father would kick him with his boots.  He would get kicked around "like dogs."  He was also teased and bullied by his peers.  He lost and eye at the age of five, and he was identified as a Special Education student in primary school.

When Mr. Roy was approximately 10 years of age, his Father left the home and was essentially unsupervised as his Mother was a severe alcoholic.  When he was approximately 12 years of age, Mr. Roy was forced to live with his Grandmother for 1 year due to his Mother's

SENTENCING MEMORANDUM
- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

alcoholism.  Unfortunately, Mr. Roy began to abuse alcohol himself at the age of 12 which led to him being a lifetime alcoholic.  He also began a lifetime addiction to marijuana.   The abuse, lack of supervision, and addictions led to legal troubles and serious mental health issues that would also plagued him for the majority of his life.

Mr. Roy recently underwent a forensic mental health exam by Dr. Kathy Lanthorn-Cardenas, CFMHE, EdD, LMHC.  See the attached Forensic Mental Health Evaluation.      Dr.  Lanthorn-Cardenas diagnosed Mr. Roy with Major Depression, Moderate, with Anxious Distress, and Alcohol Use Disorder, Severe, in Sustained Remission and Borderline Personality Disorder.

Dr.  Lanthorn-Cardenas indicates that Mr. Roy's untreated mental health condition and history of substance use contributed to his criminal behavior by impairing his judgment, reasoning, impulsive control, decision-making and emotional regulation.   Dr.  Lanthorn-Cardenas  describes  Mr.  Roy  as  psychologically  unsophisticated, functionally illiterate, and prone to suicidal ideation.  She indicates that his history of suicide attempts and self-harming behavior make him  vulnerable  to  future  suicidal  behavior.    She  indicates  that counseling services cannot rely upon written materials due to Mr. Roy's cognitive deficits.  Finally, Dr. Lanthorn-Cardenas indicates

1
2
3
4

that Mr. Roy may be a good candidate for Dialectical Behavioral Therapy, a treatment modality intended for individuals with Borderline Personality Disorder.

5
6
7
8
9

(2).  Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

10
11
12
13
14

By accepting responsibility,  the defendant has shown respect for the law.  Any sentence that this court imposes is surely adequate to reflect the seriousness of the offense, to promote greater respect for the law, and to provide just punishment for the offense.

15
16
17

(3).  Need for the sentence to afford adequate deterrence to criminal conduct.

18
19
20
21

Given the overall circumstances of the offense and the defendant's personal history, we believe that a sentence of 168-months will afford adequate deterrence to further criminal conduct.

22
23
24
25
26

(4).  Need to protect the public from further crimes of the defendant. Given the length of the recommended sentence and the recommended length of supervised release, we believe that the public will be protected from further crimes of the defendant.

27
28

SENTENCING MEMORANDUM

- 5 -

(5).    <u>Need for sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The defendant will avail himself of any educational or vocational training, and/or counseling that is available to him.

(6).  <u>The kinds of sentences available.</u>

The court may impose any appropriate prison sentence.

(7).  <u>The advisory guideline range.</u>

The advisory guideline range according to U.S. Probation is 324-405 months.

CONCLUSION

In consideration of the 18 U.S.C. 3553 (a) factors, the defendant respectfully requests that the court impose a sentence of 168-months followed by a term of supervised released.

DATED this 25th day of November 2023.

Respectfully Submitted,

s/ Ricardo Hernandez
Ricardo Hernandez

SENTENCING MEMORANDUM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney, Michael Davis Murphy

s/ Ricardo Hernandez<br>
Ricardo Hernandez

SENTENCING MEMORANDUM